**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ZAQUANDRE PITTMAN** **PLAINTIFF**
**ADC #183953**

**V.** **NO. 4:26-cv-00222-BSM-ERE**

**JAMES GIBSON, *et al.*** **DEFENDANTS**

# ORDER

*Pro se* plaintiff Zaquandre Pittman has filed: (1) a motion for the appointment of counsel; and (2) a motion for discovery. *Docs. 15, 16*. For reasons that follow, Mr. Pittman's motions are DENIED.

## I. Motion for the Appointment of Counsel

A *pro se* litigant in a civil case does not have a statutory or constitutional right to appointed counsel. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson*, 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the

existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

The decision to appoint counsel is based on the circumstances of each case. This case is neither factually nor legally complex. And Mr. Pittman has demonstrated that he can present and pursue his case. It is understandable that Mr. Pittman would prefer to be assisted by court-appointed counsel, but his desire for counsel alone is not the only factor the Court must consider. After considering all relevant factors, the Court declines to appoint counsel at this point in the case.[1]

## II. Motion for Discovery

In his motion for discovery, Mr. Pittman requests that the Arkansas Division of Correction Defendants produce certain evidence. At this time, the only remaining Defendant is James Gibson. *Doc. 12*. In addition, as I previously explained to Mr. Pittman, discovery requests are not to be filed with the Court. *Doc. 3 at 2*. Rather, they should be served directly on counsel for Defendant Gibson, Zaisha Heardmon, Arkansas Attorney General's Office, 101 West Capitol Avenue, Little Rock, Arkansas 72201.

If Defendant Gibson, through counsel, fails to timely or completely respond to Mr. Pittman's timely discovery requests, Mr. Pittman may file a motion to compel

[1] As the case proceeds, the Court will reconsider, on its own, whether counsel should be appointed to assist Mr. Pittman. And if the case is scheduled for trial, the Court will likely appoint counsel to assist Mr. Pittman.

with the Court at that time. However, before involving the Court in any discovery dispute, Mr. Pittman must first attempt to confer with Defendant Gibson's counsel and make a good-faith effort to resolve the dispute.[2]

## III. Conclusion

IT IS THEREFORE ORDERED THAT Mr. Pittman's motions (*Docs. 15, 16*) are DENIED.

SO ORDERED 10 August 2026.

________________________________
UNITED STATES MAGISTRATE JUDGE

[2] To show that this has been done, any future motion to compel must contain a statement that "the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court." See Local Rule 7.2(g).